# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUNO MAZZEO UNUM, *et al.*, : | |
| Plaintiffs : | |
| : | CIVIL ACTION NO. 3:14-1944 |
| v. : | |
| : | (Mannion, D.J.) |
| EXPERT WITNESS, *et al.*, : | (Carlson, M.J) |
| : | |
| Defendants : | |
| : | |

# M E M O R A N D U M

Before the court is the report and recommendation of Judge Carlson, (Doc. 4), recommending that the complaint be dismissed. The case arises from a complaint, (Doc. 1), filed on October 7, 2014, in which plaintiffs list twenty-six defendants, many of which are medical or educational institutions. The complaint does not amount to a factual narrative, nor does it provide any coherent statement of what behavior, actions, or incidents plaintiff complains of. Plaintiffs have not submitted objections to the report. As the complaint does not raise a discernible claim, the court adopts the report of Judge Carlson.

## I.     STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**II.    DISCUSSION**

Plaintiff's complaint in this matter is a 77-page document with five named plaintiffs and twenty-six named defendants. None of these plaintiffs or defendants are identified, nor are their roles in this suit explained. A complaint must contain "a short and plain statement of the grounds for the court's

jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) and (2). As Judge Carlson's report indicates, the complaint in this matter does not provide a short and plain statement of the claim, as required by Fed.R.Civ.P. 8. In fact, it is impossible to glean the crux of the complaint, as it is made up of seemingly random references to lost lawsuits and lists of medical ailments from which he suffers. There are no facts and no narrative explaining the events which give rise to the complaint. The complaint is not comprehensible, a circumstance which justifies dismissal under Rule 8. See Roy v. Supreme Court of U.S., 484 F.App'x 700, 700 (3d Cir. 2012).

While the incomprehensibility of the complaint is alone sufficient to justify dismissal, the court agrees with the other reasons Judge Carlson poses for dismissing the complaint, including that venue is not proper in this district, as it is impossible to determine where the events giving rise to the claim occurred. *See* 28 U.S.C. 1391(b).

Finally, it is true that generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir.

2004). Here, the court agrees with Judge Carlson's determination that granting plaintiff leave to amend the complaint would be futile in light of the incomprehensibility of the complaint and plaintiff's history of filing similarly nonsensical complaints in district courts. See Mazzeo-Unum v. Soc. Sec. Admin., 2011 WL 5554364 (Oct. 4, 2011 N.D.N.Y); Unum v. Soc. Sec. Admin., 2011 WL 5554310 (Nov 15, 2011 N.D.N.Y.); Mazzeo-Unum v. Dept. of Transp., 2013 WL 2636159 (Jun. 12, 2013 N.D.N.Y.); Unum ex rel. Neuro-Med. Diagnostic Care Servs. P.C. v. Dept. of Transitional Assistance, 2014 WL 1572799 (Apr. 18, 2014 N.D.N.Y.); Unum v. Lake Mead Recreational Center, 2014 WL 4437672 (Sep. 9, 2014 M.D. Pa); Unum v. U.S. Dept. Of Justice, 2014 WL 4955263 (M.D. Pa. Oct. 2, 2014) .

For the above reasons, the report of Judge Carlson is **ADOPTED IN ITS ENTIRETY**. Plaintiffs' complaint is **DISMISSED**. Leave to amend is **DENIED**. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 28, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1944-01.wpd